{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} On January 5, 2007, plaintiff-appellee Ford Motor Credit Company ("Ford") filed the instant action against defendant-appellant Donald J. Zagorski ("Zagorski") alleging default of a vehicle lease agreement in the amount of $15,144.99, the charge-off amount after sale of the vehicle at auction.
 {¶ 3} On June 8, 2007, Ford filed a motion for summary judgment, opposed by Zagorski. On July 27, 2007, the trial court granted Ford's motion for summary judgment and journalized the following:
 "Plaintiff Ford Motor Company's motion for summary judgment * * * is hereby granted. Although the defendant claims to have relied upon the early termination warning on the front of the contract, there is no evidence that he followed the early termination requirements set forth in paragraph 25 of the contract. Therefore, judgment is hereby entered in favor of the plaintiff and against the defendant Donald J. Zagorski in the total amount of $15,144.99, interest at the statutory rate beginning 7/26/07 and court costs. Court cost assessed to the defendant(s)."
 {¶ 4} The facts giving rise to the instant action began on March 29, 2005, when the parties entered into a lease agreement for a 2005 Lincoln LS that included thirty-six monthly payments in the amount of $621.89. However, Zagorski failed to make certain lease payments. Zagorski became seriously ill in 2006 and has since been disabled and unable to work. Eventually, Ford sold the 2005 Lincoln LS at auction for $18,000. *Page 4 
 {¶ 5} Zagorski filed the instant appeal and asserted one assignment of error for our review:
 "The trial court committed reversible error when it granted plaintiff's motion for summary judgment in the amount of $15,144.99 plus interest, when a prominently displayed provision on the front of the lease limited damages to `* * * up to several thousand dollars.'"
 {¶ 6} Zagorski argues that the trial court erred in granting Ford's motion for summary judgment because a lease provision regarding early termination applies in the instant case, and thus, so does a limit of liability provision.
 {¶ 7} Appellate courts review motions for summary judgment de novo.Retting v. General Motors Corp., Cuyahoga App. No. 86837,2006-Ohio-6576. Pursuant to Civ.R. 56(C), summary judgment is appropriate when: first, there exists no genuine issue as to any material fact; second, the moving party is entitled to judgment as a matter of law; and third, based on evidence or stipulation, reasonable minds can come to but one conclusion and said conclusion is adverse to the party against whom the motion for summary judgment is made.
 {¶ 8} A review of the lease agreement reveals the following on the first page:
 "Early Termination. You may have to pay a substantial charge if You end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier You end the lease, the greater this charge is likely to be." (Emphasis in original.)
 {¶ 9} The default provision reads as follows:
 "26. DEFAULT *Page 5 
 You will be in default if (a) You fail to make any payment when due * * *."
 {¶ 10} Furthermore, the termination provision states:
 "21. TERMINATION
 This lease will terminate (end) upon (a) the end of the term of this lease, (b) the return of the Vehicle to Lessor, and (c) the payment by You of all amounts owed under this lease. Ford Credit may cancel this lease if You default."
 {¶ 11} Lastly, the lease agreement reads, in pertinent part:
 "25. VOLUNTARY EARLY TERMINATION AND RETURN OF THE VEHICLE
 You may terminate this lease early. If You are not in default, by returning the Vehicle to Lessor and paying the following: (a) an early termination fee of $200, plus (b) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Vehicle's Fair Market Wholesale Value, plus (c) all other amounts then due under this lease. You will never pay more than the sum of the remaining unpaid lease payments, plus any excess wear and use and mileage charges, and all other amounts then due under this lease."
 {¶ 12} Zagorski argues that he invoked his right to early termination of the lease, and thus, should be limited in liability to a maximum of $3,000 based upon a provision on the front page of the contract that reads, "The charge may be up to several thousand dollars." However, if Zagorski intended to terminate his lease, he would have paid an early termination fee of $200 pursuant to paragraph 25 of the lease agreement. Zagorski failed to pay the $200 fee.
 {¶ 13} Furthermore, pursuant to paragraph 25, a lessee in default is not entitled to invoke early termination of the lease. Zagorski defaulted on the lease when he did not make all of his monthly payments. *Page 6 
 {¶ 14} We find that Zagorski failed to follow the early termination provisions of the lease agreement. We further find that Zagorski defaulted on his monthly lease payments. Thus, we need not address Zagorski's argument that he is limited in liability to several thousand dollars.
 {¶ 15} Zagorski's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1